DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Sandusky County Court of Common Pleas following sentencing. For the reasons discussed below, we find that the decision of the Sandusky County Court of Common Pleas should be affirmed in part and reversed in part.
On October 20, 1999, appellant Mario Obregon pleaded guilty to two counts of possession of marijuana in an amount exceeding five-thousand grams in violation of R.C. 2925.11(A) — counts seven and eight of the amended bill of information filed May 25, 1999, both felonies of the third degree. Appellant appeared in court on November 9, 1999 for sentencing. After considering appellant's criminal record, appellant's oral statements, the victim impact statement, the presentence investigation report, and the purposes and principles of Ohio sentencing law, the trial judge made the following findings and order:
 "Your actions were a part of an organized criminal activity. You're 42 years old, and by your own admission you have been selling marijuana since you were 16, which means 27 years.
 "Therefore, I feel that — I find that recidivism is likely. There is no doubt that you have been a major drug supplier for the Fremont area over the past several years, and that the amounts of drugs that you have disseminated make your offenses the worst form of the offense.
 "Your behavior has not been violent, that's true, but the drugs that you have brought into this county has spawned violent behavior in so many others that stand before me who engage in violent behavior so they can buy your drugs.
 "Also, less than the maximum terms would demean the seriousness of these offenses. The harm has been so great to the community by reason of your drug activity that a single term does not adequately reflect the seriousness of your conduct.
 "It is therefore the order of this Court that you be sentenced to the care, custody and control of the Ohio Department or Rehabilitation and Correction for a term of five years as to each count, which terms shall be served consecutively.
 "The Court further orders you pay a fine of five thousand dollars as to each count, that your driver's license be suspended for five years and that you pay the costs of this prosecution."
"* * *."
Appellant appeals from this judgment of sentence, setting forth the following two assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT-APPELLANT TO MAXIMUM TERMS FOR VIOLATION OF O.R.C. § 2925.11(A),(C)(3)(E) WHEN IT WAS NOT SHOWN THAT HE COMMITTED THE WORST FORM OF THE OFFENSE, OR OTHERWISE SATISFIED THE REQUIREMENT OF O.R.C. § 2929.14(C) FOR IMPOSITION OF SUCH MAXIMUM SENTENCES.
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES, SAID TERMS BEING DISPROPORTIONATE TO THE SERIOUSNESS OF HIS CONDUCT AND TO THE DANGER APPELLANT POSES TO THE PUBLIC, THEREBY DENYING DEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESS."
The standard of review applicable to both assignments of error is set forth in R.C. 2953.08(G)(1). That section provides, in pertinent part:
 "The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *.
"(d) That the sentence is otherwise contrary to law."
In determining the appeal, an appellate court is required to independently review the record. R.C. 2953.08(F).
Felony sentencing is governed by R.C. Chapter 2929. R.C. 2929.11(A) provides that a sentencing judge should be guided by the overriding purposes of the felony sentencing laws: to protect the public from future crimes and to punish the offender. According to R.C. 2929.11(B), felony sentences should be calculated to achieve these purposes, "* * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, unless a mandatory prison sentence is statutorily required, a sentencing judge has discretion to determine the most effective way to serve the overriding purposes of felony sentencing. R.C.2929.12(A). However, in exercising that discretion, the sentencing judge shall consider the factors in R.C. 2929.12(B) and (C) relating to the seriousness of the offense and R.C. 2929.12(C) and (D) relating to the likelihood of recidivism. Id. The judge may also consider other factors he or she deems relevant. Id.
In his first assignment of error, appellant contends that the trial court erred in sentencing him to the maximum sentence when the requirements of R.C. 2929.14(C) were not met.
That section provides:
 "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
The trial court found on the record that recidivism was likely since appellant had admitted selling marijuana for the past twenty-seven years. The trial court also found that the amount of drugs involved (more than five thousand grams of marijuana on two separate occasions) and the fact that appellant was engaged in an organized criminal activity made appellant's offense the worst form of the offense. The trial court's finding that recidivism is likely is not supported by the record; though the trial court stated that appellant had admitted selling marijuana for twenty-seven years, that fact does not appear in the record. Therefore, the remaining issue is whether the record supports the trial court's finding that appellant committed the worst forms of the offense.
To determine whether an offender has committed the worst forms of the offense, R.C. 2929.12(B) directs the court to consider certain enumerated factors, as well as any other relevant factors, tending to indicate that the offender's conduct was "more serious than conduct normally constituting the offense." These factors are:
 "(1) the physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim;
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense;
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position;
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
Conversely, R.C. 2929.12(C) directs the court to consider certain enumerated factors, and any other relevant factors, to determine if the offender's conduct is "less serious than conduct normally constituting the offense." The enumerated factors are:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
In this case, the court found that appellant committed the worst forms of the offense because of the amount of drugs involved and because appellant's actions were part of "an organized criminal activity." Turning first to the amount of drugs, though possessing a large quantity of drugs is not specifically set out in the statute as conduct more serious than conduct normally constituting the offense, it is a relevant factor — one that the trial court is allowed, in its discretion, to consider. See R.C. 2929.12(A) and (B). Since the trial court made a proper finding before sentencing appellant to the maximum term — that the amount of drugs involved made the offense the worst forms of the offense — and since the record supports the trial court's finding, the trial court did not err in sentencing appellant to the maximum sentence.
Additionally, the trial court also found that appellant's conduct constituted the worst forms of the offense because appellant was engaged in an "organized criminal activity." As the First Appellate District has noted, the term "organized criminal activity" is not defined in the statute, and courts must determine on a case-by-case basis whether an offense is part of an organized criminal activity. See State v. Shryock (Aug. 1, 1997), Hamilton App. No. C-961111, unreported (the offender was not part of an organized criminal activity when he merely acted as a "look-out" for his criminal colleague). Commentators have defined "organized criminal activity" as "criminal activity which because of the number of participants and planned utilization of those participants poses more of a risk to the public order than an activity carried out by a single individual acting in isolation from other offenders or than multiple individuals acting together spontaneously or impulsively." Griffin and Katz, Ohio Felony Sentencing Law (1999) 368-369, Section T. 4.14.3.
In this case, appellant pleaded guilty to two counts of the amended bill of information alleging that appellant worked in concert with several individuals. In addition, appellant admitted to a probation officer to receiving large quantities of marijuana from another individual. Based on this evidence, we believe that the record supports the trial court's finding that appellant was engaged in an organized criminal activity. Accordingly, the trial court did not abuse its discretion in sentencing appellant to the maximum sentences. Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that the trial court erred in sentencing him to consecutive sentences. R.C. 2929.14(E)(4) provides:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Additionally, R.C. 2929.19(B)(2) provides:
 "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *.
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
In other words, before imposing consecutive sentences, the trial court must find that either: (1) consecutive sentences are necessary to protect the public from future crime, or (2) that consecutive sentences are necessary to punish the offender, and
that consecutive sentences are not disproportionate to the seriousness of the conduct or the danger to the public, and that one of the factors in R.C. 2929.14(E)(4)(a), (b), or (c) exist.
In this case, though the trial court found that recidivism was likely, that finding is not supported by the record. That being the case, the trial court could not have properly found that consecutive sentences were necessary to protect the public from future crime. Therefore, to support the imposition of consecutive sentences, the trial court would have had to have found that consecutive sentences were necessary to punish appellant. The trial court did not make this finding. Therefore, the portion of the judgment ordering consecutive sentences is not supported by the record, and this portion of the judgment must be reversed. Appellant's second assignment of error is found well-taken.
The judgment of the Sandusky County Court of Common Pleas is affirmed in part and reversed in part. The portion of the judgment ordering consecutive sentences is vacated, and the judgment is affirmed in all other respects. This case is remanded to the Sandusky County Court of Common Pleas for resentencing in accordance with R.C. 2929.14(E)(4) and this decision. Costs of this appeal are assessed to appellee.
Peter M. Handwork, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.